IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN FERRER, ROY HENRY, GERALD JAMES, KHALID JOHNSON, ANTHONY LOPEZ, ROSARITO QUEZADA, JUANA QUEZADA, NICHOLAS RIVERA, AMANDA SIMMONS, WAIMAN SIN, EUGENIA ST. HILL, WARREN TUCKER, AQUILES VARGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>CITIGROUP INC., and MORGAN STANLEY SMITH BARNEY,<br><br>Defendants | CASE NOS. 09-CV-5095 (NGG)<br><br>DATE OF SERVICE: November 12, 2012 |

## [PROPOSED] ORDER DETERMINING GOOD FAITH AND GRANTING FINAL APPROVAL OF SETTLEMENT

On November 19, 2012, a hearing was held on (1) the joint motion of plaintiffs Patrick Plaintiffs John Ferrer, Roy Henry, Gerald James, Khalid Johnson, Anthony Lopez, Rosarito Quezada, Juana Quezada, Nicholas Rivera, Amanda Simmons, Waiman Sin, Eugenia St. Hill, Warren Tucker, and Aquiles Vargas (collectively "Plaintiffs" or the "Class Representatives"), and Defendants Citigroup Inc. ("Citigroup") and Morgan Stanley Smith Barney ("MSSB") (collectively, "Defendants") for final approval of the proposed class action Settlement, and (2) Plaintiffs' counsel's motion for an award of attorney's fees, litigation expenses, and costs of claims administration. (Plaintiffs and Defendants are collectively referred to herein as the "Parties.")

After considering the Parties' written submissions, the arguments of counsel, and the law, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Unless otherwise defined herein, all terms used in this order (the "Final Approval Order") will have the same meaning as defined in the Parties' Joint Stipulation And Settlement Agreement (the "Stipulation"), a copy of which was previously filed with the Court on December 28, 2011. (Docket No. 35-1).

2. This Court has jurisdiction over the subject matter of the Litigation and over all Parties and Class Members.

3. Pursuant to this Court's Order Granting Preliminary Approval of Class Action Settlement dated May 21, 2012 (the "Preliminary Approval Order") (Docket No. 37), the Court conditionally certified for settlement purposes only the Class Action defined therein. The Classes are now finally certified for settlement purposes only and are defined as (a) the group of individuals employed by MSSB in its document production and printing services business (the "Business") at the Brooklyn Army Terminal (the "BAT") until October 12, 2009, and whose employment was transferred from MSSB to Broadridge on or about October 13, 2009 (the "WARN" Class); and (b) all Members of the WARN Class who are Hispanic, African American or Asian (the "Discrimination Class") (collectively referred to herein as the "Classes"). Excluded from the Classes are the following individuals who have opted out of the Settlement:

    1. Richard Ramlal

    2. Ahmad Raffik

    3. Mercin Chery

    4. Michael Singh

    5. Tamizodeen Mohamed

4. This Final Approval Order shall not be cited in any matter for the purpose of seeking class action certification or class action notice.

5. In accordance with the Stipulation and the Preliminary Approval Order, the Parties caused Garden City Group, Inc. ("GCG"), the duly-appointed Claims Administrator, to mail the following notice materials to all Class Members: (1) Notice to Class Members Regarding Pendency of a Class Action and Notice of Hearing on Proposed Settlement ("Class Notice"), together with (2) a Change of Name and/or Address Information Form (Form A), (3) an Election to Opt Out of Settlement and Class Action Form (Form B), and (4) a pre-printed, personalized Settlement Claim Certification Form (Form C) (collectively "Settlement Documents"). GCG mailed the Settlement Documents via first-class mail on June 20, 2012, and adequately informed the Class Members of: (1) the pendency of the Settlement; (2) all material elements of the Settlement; and (3) the opportunity to be excluded from or object to the proposed Settlement.

6. On November 20, 2012, the Parties filed an amended Declaration of GCG's Jennifer M. Keough Regarding Notice Dissemination and Settlement Administration concerning the dissemination of the Settlement Documents to the Classes and the status of claims, exclusions and objections. The Keough Declaration provides proof that GCG has fully implemented this Court's orders regarding class notice.

7. The Court finds that the distribution of the Settlement Documents provided adequate, due, sufficient and valid notice to Class Members, constituted the best notice practicable and possible under the circumstances, fully met the requirements of due process, and complied fully with all applicable laws and statutes.

8. In accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, Defendants caused to be mailed a copy of the Stipulation and all other documents required by law to the appropriate federal and state regulators. None of these regulators filed objections to the Settlement.

9. The Court finds, for settlement purposes only, that the proposed Class Action meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure in the settlement context in that: (a) the proposed Classes are ascertainable and so numerous that joinder of all members of the Classes is impracticable; (b) there are questions of law or fact common to the proposed Classes that predominate over individual issues; (c) the claims of the Class Representatives are typical of the claims of the members of the proposed Classes; (d) the Class Representatives will fairly and adequately protect the interests of the Class Members; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for plaintiffs are qualified to serve as class counsel. The Court makes these findings in the settlement context and for settlement purposes only, and these findings are without prejudice to Defendants' rights to challenge each of the requirements for certification on all applicable grounds if the Settlement is not finally approved.

10. The Court finds that the Settlement was the product of protracted, arms-length negotiations between experienced counsel. After considering such factors as: the strength of the Plaintiffs' claims and Defendants' defenses; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the litigation and at trial; the amount offered in settlement; the experience and views of counsel and the reaction to the proposed Settlement by the Class Members, the Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Class Members and hereby grants final

approval of the Settlement. The Parties are ordered to carry out the Settlement as provided in the Stipulation.

11.     The Court finds that there were no objections to the Settlement.

12.     No later than fourteen (14) calendar days following the Effective Date, Citigroup and MSSB shall wire to the Claims Administrator an amount equal to the total of: (1) the total gross settlement payments to be made to all Participating Claimants (which amount shall be calculated by adding together the gross settlement payments for all Participating Claimants, as determined in accordance with the Stipulation), plus (2) the amount of attorneys' fees and litigation costs (up to a maximum of $25,000) approved by the Court and awarded to Class Counsel, plus (3) the amount of administration costs approved by the Court and awarded to be paid to the Claims Administrator (up to a maximum of $5,000), plus (4) the employer's share of employment taxes on the portion of the Settlement Consideration attributed to wages, which total amount shall be deposited into an interest-bearing escrow account opened, administered and controlled by the Claims Administrator under and in accordance with the Stipulation and Escrow Agreement at a federally-insured bank that is mutually acceptable to the Parties and the Claims Administrator (the "Escrow Account"). The funds in the Escrow Account shall be invested either in short-term U.S. Treasury securities with maturity dates of less than 90 days at the time of deposit, or in an SEC-registered money market fund investing exclusively in U.S. Treasury securities with average maturities of less than 90 days and rated AAAm by Standard & Poor's. In no event shall the Claims Administrator withdraw, transfer, pledge, impair or otherwise make use of the funds in the Escrow Account except as expressly provided in the Stipulation and the Escrow Agreement.

13. The Claims Administrator shall: (1) open and administer the Escrow Account in accordance with the Escrow Agreement and in such a manner as to qualify and maintain the qualification of the Escrow Account as a "Qualified Settlement Fund" under Section 468B of the Internal Revenue Code and Treas. Reg. § 1.468B-1; (2) calculate, withhold, remit and report Defendants' and each Participating Claimant's share of applicable payroll taxes (including, without limitation, federal, state and local income tax withholding, FICA Social Security, FUTA, Medicare and any state or local employment taxes); (3) satisfy all federal, state and local income and other tax reporting, return and filing requirements with respect to the Escrow Account and any interest or other income earned by the Escrow Account; and (4) satisfy out of the Escrow Account all (i) taxes (including any estimated taxes, interest or penalties) with respect to the interest or other income earned by the Escrow Account, and (ii) fees, expenses and costs incurred in connection with the opening and administration of the Escrow Account and the performance of its duties and functions in accordance with the Stipulation and the Escrow Agreement. The aforementioned taxes, fees, costs and expenses shall be treated as an included in the costs of administering the Escrow Account and as Administration Costs under Sections 1.1 and 2.11 of the Stipulation. The Parties and the Claims Administrator shall elect to treat the Escrow Account as coming into existence as a Qualified Settlement Fund on the earliest date set forth in 26 CFR § 1.468B-1(j)(2)(i), and such election statement shall be attached to the appropriate returns as required by 26 CFR § 1.468-1(j)(2)(ii).

14. The Escrow Account, including all interest or other income generated therein, shall be in *custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any third party, including any Class Member.

15. In the event the Effective Date does not occur, the Settlement and the Stipulation shall be deemed null and void and shall have no effect whatsoever. In such case, nothing in the Stipulation or this Final Approval Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class certification is or may be appropriate.

16. The Claims Administrator will pay the claims of Participating Claimants out of the Escrow Account in accordance with the terms of the Stipulation. Defendants will have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided in the Stipulation.

17. Class Counsel, defined in Section 1.5 of the Stipulation, are awarded attorneys' fees and litigation costs in the amount of $25,000, pursuant to Section 2.10.1 of the Stipulation. These amounts shall be paid by the Claims Administrator from the Escrow Account within 21 days following the Effective Date and in accordance with the provisions of Section 2.10 of the Stipulation.

18. The Court hereby approves payment of up to a maximum amount of $5,000 of the Maximum Settlement Amount to GCG, as the Claims Administrator, as full compensation for the fees and expenses reasonably incurred by GCG as a result of the procedures and processes expressly required by the Stipulation and the Escrow Agreement.

19. The only Class Members entitled to any payment pursuant to the Stipulation and the associated Judgment are Class Members who have properly submitted a timely Settlement Claim Certification Form. Neither the Stipulation nor the Judgment will result in the creation of any unpaid residue or residual, and no distribution of such shall be required.

20. Upon the Effective Date, the Class Representatives and every Class Member who did not properly and timely submit a valid Opt Out Form, on behalf of themselves, and each of

their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged Citigroup Releasees and MSSB Releasees from any and all legally waivable agreements, promises, liabilities, claims, demands, rights and entitlements against Citigroup Releasees and MSSB Releasees of any kind whatsoever, in law or equity, whether known or unknown, asserted or unasserted, fixed or contingent, apparent or concealed, which you or your heirs, executors, administrators, agents, representatives, successors or assigns ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever existing, arising or occurring at any time on or prior to the date on which the Court enters the Order of Final Approval or, in the case of Participating Claimants, the date the Class Member executes the Settlement Claim Certification Form, including, without limitation, any and all claims asserted or which could have been asserted in the Litigations which arose under the facts alleged therein, and any and all claims arising out of or relating to your employment with Citigroup or MSSB, or the termination thereof, including but not limited to any and all claims arising under WARN (29 U.S.C. § 2101, et seq.), New York WARN (N.Y. Labor Law §§ 860-a, et seq.), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §1988, the Employee Retirement Income Security Act, as amended, New York State Executive Law § 296 and New York City Administrative Code §§ 8-107, 8-502(a), and any and all other federal, state and local laws, statutes, regulations, constitutional provisions or common law, and claims for costs, expenses and attorneys' fees with respect thereto. Stipulation §§ 1.37 and 2.9.

21. The Settlement is not an admission by Defendants nor is this Final Approval Order a finding of the validity of any claims in the Litigations or any wrongdoing by Defendants. In addition, the Settlement is not an admission nor is this Final Approval Order a

8

finding that the certification of the Classes is proper for any purpose or proceeding other than for settlement purposes in the present case. Furthermore, neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Citigroup Releasees or MSSB Releasees, or any of them; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Citigroup Releasees or MSSB Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the Stipulation may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of the Settlement or in defense of any claims released or barred by the Settlement.

22. The claims alleged in the Litigations are hereby dismissed with prejudice, provided, however, and without affecting the finality of this Final Approval Order in any way, this Court retains continuing jurisdiction over the interpretation, implementation, administration and enforcement of the terms of the Settlement. This Final Approval Order is a judgment as defined by Rule 58(a)(1) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: December 5, 2012

s/Nicholas G. Garaufis
_____
The Honorable Nicholas G. Garaufis
United States District Court Judge